DÁVILA *v.* DÁVILA ET AL.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 716.—Resuelto en marzo 8, 1912.

ACCIÓN REIVINDICATORIA — EXCEPCIONES PREVIAS — DEMANDA INSUFICIENTE — TÍTULO DEL DEMANDANTE.—En el presente caso el demandante reclamó la propiedad de 30 cuerdas de terreno alegando que formaban parte de una finca de 350 cuerdas que perteneció a su padre y que a la muerte de éste se adjudicó en su totalidad a su madre tramitándose a nombre de ésta un expediente posesorio que se inscribió en el registro a fin de que la adjudicataria otorgara a los demás herederos, entre los cuales figura el demandante, el título correspondiente. El demandante no alegó que se le hubiera otorgado su título ni que lo tuviera inscrito en el registro. El demandado tiene su título inscrito en el registro de la propiedad. *Se resolvió:* que la demanda no aducía hechos suficientes para basar la acción reivindicatoria ejercitada, porque el de heredero no es título suficiente por sí solo para reclamar para sí una .porción determinada de una herencia cuando existan otros herederos, y porque la partición alegada no se hizo en legal forma, y, aunque se le reconociere eficacia, no se alega que la adjudicataria otorgara al demandante el título .correspondiente.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Rafael López Landrón.*

Abogado de los apelados: *Sr. Augusto Malaret.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La sentencia apelada en este pleito se dictó con motivo de excepciones previas establecidas por los demandados.

Una de dicha excepciones, a la cual circunscribiremos nuestro estudio por ser fundamental en este caso, fué la de que la demanda no aducía hechos suficientes para determinar una causa de acción. Dicha excepción se basa especialmente en que el demandante ejercita la acción reivindicatoria y no alega la existencia a su favor de un verdadero título de dominio.

El demandante alega en su demanda que desde el año 1878 venía poseyendo una finca de 30 cuerdas que describe y que era parte de otra de 350 cuerdas que también describe, y "que esta finca de 350 cuerdas constituía el patrimonio del finado Andrés García y debía ser dividida entre su viuda Petrona Quiñones y sus diez hijos nombrados, Juan Andrés, Andrés Avelino, Vicente Ferrer, Luis Leonides, María del Carmen, Juana Francisca, María del Rosario y María de los Dolores Dávila y Quiñones y que al ocurrir el fallecimiento del causante hacia el año 1877, la sucesión así compuesta, acordó, toda vez que carecía de título escrito inscribible, que se hiciera la partición de los bienes, adjudicándosele a la viuda Señora Quiñones 50 cuerdas y la casa, y 30 cuerdas a cada hijo, lo que se llevó a efecto señalándose a cada heredero su lote y dándosele posesión del mismo, acordándose además, en ahorro de gastos, que la Señora Quiñones promoviera a su sólo nombre un informativo posesorio para ir después otorgando los títulos a sus hijos, entre los que se encontraba el demandante, de los lotes adjudicados a cada uno, a medida que a ellos les fuera necesario el título; y que así lo hizo la Doña Petrona Quiñones promoviendo información posesoria de dicha finca que fué aprobada en 30 de junio de 1888 por auto del Señor Juez Municipal de Morovis y fué inscrita debidamente en el Registro de la Propiedad de este Distrito, tomo quinto de Morovis, folio 101, inscripción primera, finca 229."

Y alega además el demandante que el lote que le correspondió, lo dió a su hermano Juan Dávila, que se hallaba en estado precario, para que lo cultivara sin pagar canon ni

merced. Que su hermano murió y sus hijos los demandados Francisco y Joaquín Dávila continuaron poseyendo la finca en la mismas condiciones que su padre. Que el demandado Francisco Fuxench por medio de engaños y amenazas, alegando ser acreedor de Juan Dávila, hizo firmar a los hijos de éste un documento cuyo contenido desconocían, y posesionado de dicho documento, promovió a su nombre información posesoria aprobada el 9 de agosto de 1907, de la finca en cuestión, y la inscribió en el registro de la propiedad. Y que el dicho Fuxench vendió la referida finca al otro demandado Evaristo Camacho, conociendo éste los vicios del título de su vendedor.

Habiendo en consideración de todo lo alegado por el demandante ¿podrá concluirse que establece un verdadero título a su favor suficiente para sostener la acción por él ejercitada? Veámoslo.

Si se aprecia que el dicho demandante solamente reclama a título de heredero, tal alegación no es suficiente, de acuerdo con la jurisprudencia de la Corte Suprema de España establecida en su sentencia de 13 de junio de 1901, y por nosotros mismos en las sentencias de *Velilla* v. *Pizá et al.*, y *Cruz et al.* v. *Ortiz,* dictadas, respectivamente, el 5 y el 20 de diciembre de 1911.

Y si se estima que pretendió alegar la existencia de una partición, que es la que de acuerdo con la ley confiere al heredero la propiedad exclusiva de los bienes que se le adjudiquen, los hechos por él expuestos no demuestran que dicha partición se hiciera en legal forma. Y aun aceptando como bueno el procedimiento seguido de acreditar la posesión de la finca de 350 cuerdas, único bien hereditario, a nombre de la Señora Quiñones, madre del demandante, e inscribirla luego en el registro de la propiedad; tampoco se alegó que la Sra. Quiñones otorgara a favor del demandante el título que le correspondía, ni menos que el demandante hubiera inscrito dicho título en el registro de la propiedad.

En tal virtud; el recurso debe declararse sin lugar y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.